UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY PATRICK MCKENNA,

Petitioner,

v.

UNKNOWN,

Respondent.

Case No. 2:20-cv-01940-JDP (PC)

FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING WITHOUT PREJUDICE

OBJECTIONS DUE IN FOURTEEN DAYS

ECF No. 1

ORDER THAT CLERK'S OFFICE ASSIGN CASE TO A DISTRICT JUDGE

Petitioner Timothy Patrick McKenna, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. He has filed a motion for extension of time to submit a habeas petition, an application to proceed in forma pauperis, and a habeas petition. ECF Nos. 1, 2, & 6. His motion for extension of time is granted and his petition is deemed timely. His application to proceed in forma pauperis makes the required showing and will be granted. His petition, however, is unexhausted and must be dismissed.

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

*See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). I recommend that the court dismiss the petition without prejudice for failure to exhaust.

Petitioner alleges that in 2018 he was held in the Placer County Jail after being charged with Second Degree Robbery. ECF No. 1 at 2, 9. He claims that the conditions of his confinement at the jail were so poor that he struck a plea bargain on the robbery charges under duress in order to ensure his transport to state prison.[1] *Id.* at 9. Petitioner now seeks to withdraw his plea. *Id.*

Claims presented in a federal habeas petition must be exhausted by: (1) being presented to the highest state court that has appropriate jurisdiction; or (2) demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). As for the first of these pathways, the petition acknowledges[2] that these claims have not been fairly presented to the California Supreme Court. Petitioner states that he filed a petition for review in the California Supreme Court but received a notice that, due to the delay in its receipt, the court was without jurisdiction to consider his claims. ECF No. 6 at 2, 22. Petitioner claims that the delay in the receipt of his petition for review was caused by interference with prison mail. *Id.* at 2. Regardless of the reasons for the untimeliness of the petition, his rejected filing does not exhaust his claims. *See, e.g.*, *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (per curiam) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.").

Neither has petitioner shown that no state remedy remains available to him. While he can no longer submit a petition for review, it is not a certainty that the immediate claims are now

---

[1] Petitioner has raised four separate grounds, but all relate to the conditions of his confinement. He alleges that he was inadequately clothed and cold, that officers at the jail assaulted him, that he was wrongfully placed in administrative segregation, and that his spiritual needs were not met. ECF No. 6 at 4-5.

[2] Petitioner states that the California Supreme Court declined his petition for review for lack of jurisdiction. ECF No. 6 at 2. He also states that he did not file any state habeas petitions attacking his conviction. *Id.*

procedurally barred under state law. Petitioner might still be able to present his claims to the California Supreme Court by way of a state habeas petition. *See, e.g.*, *Solis v. Beard*, No. CV 15-01728-DTB, 2015 U.S. Dist. LEXIS 90694, *7 (C.D. Cal. Jul. 13, 2015) (holding that, where a petition for review to the California Supreme Court was untimely, petitioner could still have exhausted his claims by filing a habeas petition). He must avail himself of that option before proceeding to federal court.

I also decline to invoke a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, the petition is not "mixed"; it contains only unexhausted claims and is, therefore, inappropriate for a stay. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Finally, I recommend that the court not issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338. I find that reasonable jurists would neither disagree with my conclusion nor find that petitioner should be encouraged to proceed further.

It is therefore ORDERED that:

1. The clerk of court is directed to assign this case to a U.S. District Court Judge who will review the foregoing findings and recommendations.

2. Petitioner's application to proceed in forma pauperis, ECF No. 2, makes the proper showing and is GRANTED.

3. Petitioner's motion for extension of time, ECF No. 1, is GRANTED.

I RECOMMEND that the court dismiss the petition for a writ of habeas corpus, ECF No. 6, without prejudice for failure to exhaust and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 17, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE